JOHN B. PENNINGTON V. RICHARD FRANCE.

In an action on a bond after declaration filed, the defendant's attorney on craving oyer of the condition of it, is entitled to a copy of the bond with its condition and to have time to receive it; and if he does not receive it until after the rule day for pleading to the declaration, the judgment entered for the want of a plea by the Prothonotary on that day, will on motion be taken off.

ACTION of debt on a bond with condition.   The declaration was filed in it on the 15th of January, 1862, and rule was thereupon entered by the Prothonotary to plead or demur by the second rule day in vacation, which was the 25th of February following.   On the 22d of February the defendant's attorney craved oyer of the condition of the writing obligatory, and on the same day it was granted and a copy of the bond and condition was prepared and addressed to him by mail to Washington, where he then was, but it failed to reach him until after the 25th of that month.

*Comegys*, for the defendant, now submitted a motion on the grounds above stated, to take off the judgment and to admit the defendant to plead to the declaration.

*Ridgely*, for the plaintiff: Upon the same day that oyer was craved, a copy of the bond and its condition was transmitted by mail to the attorney for the defendant by his own request and direction.   That was on the 22d and by the rule of the court it was incumbent upon the defendant to have pleaded, or demurred to it by the 25th of February; for a party has the same time to plead after oyer, that he had at the time oyer was demanded, and no longer.   *Warren v. Cumack*, 7 *Halst.* 178.

*Comegys*, for the defendant: By the common law and the practice of the courts in England, the party has as many days to plead after oyer is granted, as he had at the

53

time of demanding it. 1 *Tidds Pr.* 531. But when is it granted within the true meaning of the rule ? Not until he is in point of fact supplied with the copy which he has craved and demanded.

*By the Court :* We think the judgment should be taken off in this case. The counsel for the defendant was not only entitled to a copy of the bond and its condition at the time oyer of it was craved by him, but also to have time to receive it. It appears, however, that he did not receive it until after the rule day, and we therefore think it but right under the circumstances that the judgment should be taken off, and we so order it.